UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ROBERT L. PETERSON,

        Plaintiff,                        Case No. 2:08-cv-120

v.                                          Honorable R. Allan Edgar

GERALYN NARKIEWICZ et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff has been in the custody of the Michigan Department of Corrections (MDOC) since November 7, 1989, and is presently incarcerated at the Hiawatha Correctional Facility (HTF). Under Michigan law, a prisoner whose minimum term of imprisonment is two years or more shall not be released on parole unless he has earned a high school diploma or a general education development (GED) certificate. MICH. COMP. LAWS § 791.233(f). This provision applies to prisoners who have been sentenced for crimes committed after December 15, 1998. *Id.* Plaintiff alleges that pursuant to § 791.233(f), the MDOC has adopted a policy requiring all prisoners who do not have a high school diploma or a GED to attend school and obtain a GED. Plaintiff refused to attend school, claiming that the policy does not apply to him because he was sentenced prior to December 15, 1998. As a result, he was placed on room restriction between 8 a.m. and 4 p.m., five days a week.[1]

Plaintiff claims that, in violation of the Eighth Amendment, room restriction exceeds his sentence and amounts to corporal punishment and torture. He further claims that he has been denied his rights in violation of 18 U.S.C. §§ 241 and 242. He brings this suit against HTF School Principal Geralyn Narkiewicz; HTF Administrative Assistant Michael Sibbald; HTF Deputy Warden Frederick Robinson; HTF Warden Linda Metrish; MDOC Grievance Manager James Armstrong; MDOC Director Patricia Caruso; and Jennifer Granholm, Michael Cox, Terri Lynn Land, and

---

[1] I assume Plaintiff is referring to the following policies. Prisoners who do not have a high school diploma or GED certificate shall be assigned to GED preparation classes. *See* MICH. DEP'T OF CORR., Policy Directive 05.01.112 ¶ K (effective Apr. 7, 2003). A prisoner who refuses to accept a school assignment may be reclassified as "unemployable," and is confined to his cell while other prisoners are working or going to school. *See* MICH. DEP'T OF CORR., Policy Directive 05.01.100 ¶ Y(3) (effective Jan. 1, 2001).

Gloria Jeff as members of the State Administrative Board. For relief, he seeks compensatory and punitive damages.

##    II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    42 U.S.C. § 1997e(e)

The Prison Litigation Reform Act states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Because Plaintiff has failed to plead that he sustained a physical injury as a result of Defendants' alleged conduct, his claims for monetary damages are precluded by § 1997e(e). However, even if this suit was not barred by § 1997e(e), it is subject to dismissal for failure to state a claim.

### B.    **Defendants Granholm, Cox, Land and Jeff**

Plaintiff is suing members of the State Administrative Board: Jennifer Granholm, Michael Cox, Terri Lynn Land, and Gloria Jeff. Because Plaintiff failed to allege capacity, I construe

the complaint as suing Defendants in their individual and official capacities. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity, in this case is the State Administrative Board. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). States and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Plaintiff's complaint against Defendants Granholm, Cox, Land and Jeff in their official capacities must be dismissed.

Plaintiff's complaint against these Defendants in their individual capacities is also subject to dismissal. Plaintiff fails to make specific factual allegations against Defendants Granholm, Cox, Land and Jeff other than his allegation that they enforced MDOC policy pursuant to MICH. COMP. LAWS § 791.233. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally

devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich 1991). Plaintiff's allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, I recommend that Plaintiff's complaint against Defendants Granholm, Cox, Land and Jeff in their individual capacities also be dismissed.

### C. Defendants Caruso, Metrish, Robinson and Armstrong

Defendants Metrish, Robinson and Armstrong reviewed and denied Plaintiff's grievance concerning his room restriction. Defendant Caruso failed to respond to Plaintiff's Request for a Declaratory Ruling. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.* at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (defendants could not be held liable when their only roles in the action involved the denial of administrative grievances or the failure to act). Plaintiff has failed to allege facts that demonstrate that Defendants Caruso, Metrish, Robinson or Armstrong actively engaged in any unconstitutional behavior. Accordingly, he fails to state a claim against them.

**D.      Eighth Amendment**

Plaintiff claims that his placement on room restriction violated the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Alleging that prison conditions are "restrictive and even harsh" does not suffice because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347; *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that "extreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]"). Thus, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Plaintiff does not allege that he has been deprived of any basic human needs. Being restricted to his room for part of the day while other prisoners work or attend school, standing alone, is not an extreme deprivation that gives rise to an Eighth Amendment violation. *See, e.g., Harden-Bey,* 524 F.3d at 795; *Murray v. Unknown Evert*, 84 F. App'x. 553, 556 (6th Cir. 2003); *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145 (6th Cir. 2002). Therefore, I recommend that the Eighth Amendment claim be dismissed.

### E.     18 U.S.C. §§ 241 and 242

Plaintiff attempts to bring claims under 18 U.S.C. §§ 241 and 242.  Sections 241 and 242 are part of the Criminal Code and only the United States as a prosecutor can bring a complaint pursuant to those sections.  They do not provide for a civil cause of action or civil remedies.  *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *United States v. Friedland,* 83 F.3d 1531, 1539 (3d Cir.1996); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004); *Franklin v. Henderson,* 15 F. App'x. 205, 207 (6th Cir. 2001).  Accordingly, Plaintiff fails to state a claim under 18 U.S.C. §§ 241 or 242.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

  /s/ Timothy P. Greeley
 TIMOTHY P. GREELEY
 UNITED STATES MAGISTRATE JUDGE

Dated:   August 5, 2008

- 8 -

NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).